UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON KECK,
d/b/a BIG JAY'S SMOKE SHOP,

    Plaintiff,

v.                                                   Case No. 17-C-99

CITY OF MANITOWOC,

    Defendant.

## DECISION AND ORDER

    The City of Manitowoc enacted an ordinance prohibiting the sale, manufacture, delivery, possession, and advertisement of drug paraphernalia. Plaintiff Jason Keck, doing business as Big Jay's Smoke Shop, initially challenged the ordinance as unconstitutional on its face and as applied. An earlier motion for a preliminary injunction against the City was denied upon a finding that in light of the Supreme Court's decision in *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513 (1994), Keck had failed to show a likelihood of success. Keck thereafter amended his complaint to assert a class-of-one equal protection claim against the City related to its enforcement of the drug paraphernalia ordinance against his business. This matter comes before the court on the City's motion for summary judgment. For the reasons below, the motion will be granted and the case dismissed.

## BACKGROUND

    Keck has owned Big Jay's Smoke Shop located in Manitowoc, Wisconsin since June 2015. Big Jay's sells pipes, hookahs, rolling papers, hand rollers, grinders, scales, vapes, e-cigarettes, and

novelty items such as posters and banners, as well as herbal blends that could be used in the smoking devices it offered for sale.

In September 2016, the City passed an ordinance that prohibited the sale, manufacture, delivery, possession, and advertisement of drug paraphernalia. § 14.300. The Ordinance defines "drug paraphernalia" as

> all equipment, products and materials of any kind which are used, intended for use or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, selling, distributing, delivering, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance . . . .

§ 14.300(1). The Ordinance contains a non-exhaustive list of items deemed to be drug paraphernalia, including metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes "used, intended for use or designed for use in ingesting, inhaling or otherwise introducing marijuana . . . into the human body;" scales and balances used, intended for use or designed for use in weighing or measuring controlled substances; and blenders, bowls, containers, spoons and mixing devices used, intended for use or designed for use in packaging small quantities for controlled substances. § 14.300(1)(a)–(l). In determining whether an item meets the definition of drug paraphernalia, the Ordinance instructs City officials to consider the following fourteen factors:

1. Statements by an owner or by anyone in control of the object concerning its use.

2. Prior convictions, if any, of an owner or of anyone in control of the object under any village, municipal, state or federal law relating to any controlled substances.

3. The proximity of the object in time and space to a direct violation of this chapter.

4. The proximity of the object to controlled substances.

5. The existence of any residue of controlled substance on the object.

2

6. Direct or circumstantial evidence of the intent of an owner or of anyone in control of the object to deliver it to persons whom the person knows, or should reasonably know, intend to use the object to facilitate a violation of this chapter. The innocence of the owner or of anyone in control of the object as to a direct violation of this chapter shall not prevent a finding that the object is intended for use or designed for use as drug paraphernalia.

7. Oral or written instructions provided with the object concerning its use.

8. Descriptive materials accompanying the object which explain or depict its use.

9. National and local advertising concerning its use.

10. The manner in which the object is displayed for sale.

11. Whether the owner or anyone in control of the object is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

12. Direct or circumstantial evidence of the ratio of sales of the object to the total sale of the business enterprise.

13. The existence and scope of legitimate uses for the object in the community.

14. Expert testimony concerning its use.

§ 14.300(2)(a)–(n).

On October 6, 2016, Chief of Police Nick Reimer and Assistant Chief Scott Luchterhand visited seven businesses suspected of selling illegal drug paraphernalia in the City of Manitowoc: Big Jay's Smoke Shop, Intimate Treasures, Vap, Johnny Vapes, the BP gas station on 30th and Calumet, Book World, and Mad Hatter. Reimer and Luchterhand distributed the revised Manitowoc Municipal Code 14.300, which was to take effect on November 25, 2016, to these businesses. When Reimer and Luchterhand delivered the notice to Big Jay's, they noted several display cases that contained items that would be considered drug paraphernalia under the Ordinance. The store operator agreed to relay this information to Keck, who was not at the store.

Reimer, Luchterhand, City Attorney Kathleen McDaniel, and Staff Attorney Liz Majerus met with Keck and his attorney at Big Jay's on November 21, 2016. The City officials pointed out several items that could meet the definition of drug paraphernalia. Though Keck explained that there were legal uses for the items that the City officials identified as drug paraphernalia, the City officials nevertheless advised Keck that the items needed to be removed from the City of Manitowoc by November 25, 2016. Keck removed many items the officers identified during the pre-enforcement investigation. If he had removed every item that the officers pointed out as violating the Ordinance, Keck would not have been able to sell 80 to 90% of his inventory.

Luchterhand and Reimer went to Intimate Treasures on December 5, 2016 to provide it with another opportunity to remove those items that violated the Ordinance from its shop. The City officials learned that Intimate Treasures had removed all of the drug paraphernalia items it had in its store and was no longer in violation of the Ordinance. Luchterhand and Reimer also went to Big Jay's Smoke Shop on that day to warn him that certain objects in his shop continued to violate the Ordinance, but Keck was not there. They returned to Big Jay's later that week. Keck advised the officers that he would not remove any of the items from his store. A few days after this encounter, City Attorney McDaniel instructed the officers to enforce the Ordinance with a citation to Big Jay's Smoke Shop.

On December 19, 2016, Chief Reimer, Officer Culligan, Detective Sohlden, Detective Erickson, and Evidence Technician Seefeldt went to Big Jay's to enforce the Ordinance. Lieutenant Remiker from the MTSO Metro Drug Unit was also present. At the direction of Chief Reimer, Officer Culligan handed Keck the citation, and the officers began confiscating items that violated the Ordinance. Lieutenant Remiker had the ultimate authority of determining what items were drug

paraphernalia. The officers seized 394 items from Big Jay's. Once the seizure concluded, the officers gave Keck a written inventory of the items confiscated.

On May 8, 2017, the Manitowoc Municipal Court upheld the City's citation. Keck subsequently appealed that determination to the Circuit Court of Manitowoc County. The court held a jury trial on November 28, 2017 to determine whether Big Jay's sold or offered for sale drug paraphernalia in violation of the Ordinance. The jury found that Keck was not guilty of violating the Ordinance.

Keck believes the City targeted his business when it enacted the Ordinance at the request of Big Jay's competitors. He maintains that Big Jay's was subject to a much higher standard than other similarly-situated businesses affected by the Ordinance. Keck contends that the officers did not apply the fourteen considerations set forth in the Ordinance in determining whether to confiscate an item and only seized the item based on their experience with the item being used with illegal drugs during drug investigations. The City has not cited any other business under the Ordinance.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The

nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Apparently waiving any other claim, Keck asserts a "class-of-one" equal protection claim against the City based on the manner in which it enforced its Ordinance against him. "The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called 'class of one.'" *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000)). In order to proceed on his claim, Keck must show that he "was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Black Earth Meat Market, LLC v. Vill. of Black Earth*, 834 F.3d 841, 851 (7th Cir. 2016) (citation omitted).

As an initial matter, Keck has failed to identify any business owners who were similarly situated to him and treated better. The "similarly situated analysis is not a precise formula, but . . . what is clear is that similarly situated [comparators] must be very similar indeed." *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010); *see also Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005) (noting that comparators must be "*prima facie* identical in all relevant respects"). The Seventh Circuit has placed a high

6

burden on plaintiffs establishing that someone is similarly situated in the context of a class-of-one equal protection claim. *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1003 (7th Cir. 2004). Although the issue of "whether a comparator is similarly situated is usually a question for the fact-finder, summary judgment is appropriate when no reasonable fact-finder could find that plaintiffs have met their burden on the issue." *Srail v. Vill. of Leslie, Ill.*, 588 F.3d 940, 945 (7th Cir. 2009) (citation omitted).

Keck attempts to satisfy the "similarly situated" requirement by identifying several other businesses that sell, among other items, products similar to those sold at Big Jay's that were not cited for violating the Ordinance. He asserts, through his counsel's affidavit, that at all relevant times, Book World, the BP gas station, and Intimate Treasures sold pipes that were considered potential drug paraphernalia under the Ordinance. Pl.'s Proposed Findings of Fact ¶¶ 74–76, ECF No. 56. But his attorney's conclusory allegations that Book World, the BP gas station, and Intimate Treasures are comparators are not based on any evidence in the record and are insufficient to establish that these businesses are actually similarly situated to Big Jay's and share its "principal, pertinent characteristics." *Black Earth*, 834 F.3d at 851. From the conclusory assertions in the affidavit of Keck's attorney, it appears the other businesses sold "among other things," some of the items Big Jay's sold. Big Jay's, on the other hand, seemed to sell almost exclusively items that fell within the Ordinance's definition of drug paraphernalia. To the extent this is true, they are hardly comparable.

Regardless, counsel's affidavit is not sufficient to create a material issue of fact. "Rule 56 demands something more than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the

7

matter asserted." *Drake v. 3M*, 134 F.3d 878, 887 (7th Cir. 1998); *see also Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir. 2002) ("It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact."); *Muczynski v. Lieblick*, No. 10 C 0081, 2010 WL 3328203, at *3 (N.D. Ill. Aug. 19, 2010) (conclusory allegations that the plaintiff is similarly situated to other individuals is insufficient). The court therefore finds that Keck has not identified a similarly situated business.

Keck's inability to identify a comparator is not necessarily fatal to his claim, however. While the law on this point is unclear, *see Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc), the Seventh Circuit has recognized that a class-of-one claim may survive dismissal if the plaintiff alleges a pattern of misconduct or acts of overt hostility that exclude any rational explanation for why local officials targeted him. *Geinosky v. City of Chicago*, 675 F.3d 743, 745–48 (7th Cir. 2012). "[A]ll it takes to defeat a class-of-one claim is a *conceivable* rational basis for the difference in treatment." *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015). To the extent Keck believes the City treated him with malice and animosity, he has not demonstrated that the "state actors lacked a rational basis for singling [him] out for intentionally discriminatory treatment." *Id.* (citation omitted). Indeed, Keck concedes that "Big Jay's Smoke Shop no longer contests whether the ordinance is constitutional or that it generally has a rational basis aimed at curbing drug use." Pl.'s Resp. Br. at 17, ECF No. 55. The City's obvious purpose for the enactment and enforcement of the Ordinance against Keck's store was to eliminate the sale of drug paraphernalia in the City which encourages the use of illegal drugs. Given this plausible basis for the Ordinance and its enforcement, the court's analysis comes to an end. Keck has not eliminated "any reasonably conceivable state of facts that could provide a rational basis for" the City's conduct.

8

*D.B., ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (citations omitted). After all, "a given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014) (quoting *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008)). Accordingly, the City is entitled to summary judgment on Keck's equal protection claim.

## CONCLUSION

For these reasons, the City's motion for summary judgment (ECF No. 50) is **GRANTED** and the case is dismissed. The Clerk of Court is directed to enter judgment accordingly.

Dated this  18th  day of July, 2018.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court